# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2016

Lyle W. Cayce
Clerk

JOSE GRANADOS-CHAVEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 069 067

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Granados-Chavez, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) to deny his application for relief under the Convention Against Torture (CAT). Granados-Chavez asserts that he fears he will be tortured by the Civilian National Police if he is returned to El Salvador, alleging that members of the police force have threatened and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60033

beaten him in the past.  The IJ and BIA found that Granados-Chavez was not credible and that he failed to present reasonably available evidence to corroborate his claim.

We review the order of the BIA and will not consider the underlying decision of the IJ unless the IJ's decision had some impact on the BIA's decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  An alien is entitled to protection under the CAT if he can demonstrate that, if deported, "it is more likely than not he would be tortured by, or with the acquiescence of, government officials acting under the color of law."  *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).  We review for substantial evidence an immigration court's credibility determination.  *Wang*, 569 F.3d at 536.  To succeed on his petition for review, Granados-Chavez must demonstrate that no reasonable fact-finder could have found him incredible.  *See id.*  Though Granados-Chavez contends that he presented detailed, consistent, and plausible testimony regarding the harm that he suffered in El Salvador and urges that this was sufficient to support his claim for relief, the BIA was free to rely on any inconsistency or implausibility regardless whether it concerned the incidents that formed the basis of the claim.  *Id.* at 538.

Under the totality of the circumstances, it was proper for the BIA to determine that Granados-Chavez was not worthy of belief.  *See id.*  Granados-Chavez takes issue with the finding that it was implausible that he did not apply for relief sooner.  The harm that Granados-Chavez allegedly suffered dates back to 1996, Granados-Chavez had many interactions with U.S. immigration officials after that, and he acknowledged during his immigration hearing that it was "possible" that authorities had asked in the past if he feared returning to El Salvador.  Still, he did not mention his fear of returning or apply for relief related to the harm he allegedly suffered until recently.

Accordingly, substantial evidence supports the BIA's determination that Granados-Chavez's delay in notifying immigration officials about his fear of returning to El Salvador undercut his claim.  *See id.*

Granados-Chavez also challenges the BIA's characterization as implausible his testimony that he did not receive medical treatment for the purportedly severe injuries he received from the beatings he sustained by police, asserting that he gave a valid reason for his decision to have his mother treat his injuries, namely that she feared he would be killed if others learned of the beatings.  Though his argument hinges on the words and actions of his mother, as the BIA noted, he failed to provide an affidavit from her to corroborate his account.  The BIA may require an alien to submit evidence corroborating even credible testimony if the evidence is reasonably obtainable. *Rui Yang v. Holder*, 664 F.3d 580, 585, 587 (5th Cir. 2011).  We will uphold a finding that corroboration was available unless the immigration court was compelled to find otherwise.  *Id.*  The record contains no evidence as to why Granados-Chavez's mother did not submit an affidavit; thus, the BIA was not compelled to find that the affidavit was unavailable.  *See id.*

The BIA further deemed Granados-Chavez incredible based on his testimony regarding his criminal history.  Granados-Chavez gave conflicting testimony about his culpability for past crimes for which he had pleaded guilty. Though the crimes occurred more than 20 years ago and were not related to the reasons Granados-Chavez sought CAT relief, any inconsistency can form the basis of an adverse credibility determination.  *See Wang*, 569 F.3d at 538. In light of Granados-Chavez's inconsistent testimony regarding whether he was actually guilty, especially taken together with the other implausibilities that the BIA identified and Granados-Chavez's lack of corroborating evidence,

No. 15-60033

Granados-Chavez has not demonstrated that no reasonable factfinder could have found him incredible. *See id.* at 536.

Finally, Granados-Chavez contends that the BIA should not have required him to obtain corroborating testimony from his family in the United States, urging that they had no first-hand knowledge of any of the harm he sustained in El Salvador and that, because they were present at the hearing, the IJ could have independently sought out their testimony. However, even if the BIA was incorrect in determining that Granados-Chavez's family members could have corroborated his allegations, the discrepancies and implausibilities in his testimony combined with his failure to provide corroborating evidence from his mother were sufficient to support the BIA's decision. *See Rui Yang*, 664 F.3d at 585, 587; *Wang*, 569 F.3d at 536.

Accordingly, his petition for review is DENIED.

4